In re COMMUNICATIONS COMPANY OF AMERICA, INC., Debtor.

COMMUNICATIONS COMPANY OF AMERICA, INC., Plaintiff,

v.

MITEL, INC., Defendant.

Bankruptcy No. 86–1464–8P1.
Adv. No. 87–282.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

March 23, 1988.

Shirley Arcuri, Tampa, Fla., for plaintiff.

Michael J. Lavery, Boca Raton, Fla., for defendant.

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for a duly scheduled pretrial conference at which time both Communications Company of America (CCA), Plaintiff, and Mitel, Inc. Defendant, made oral Motions for Summary Judgment as to Counts I and II of the Plaintiff's Complaint. It is the contention of both parties that no genuine issues of material fact exist and that Counts I and II of the Complaint may be decided as a matter of law. The Court has considered the Motion, together with the record and Memorandum of Law submitted by both parties, and finds as follows:

On May 17, 1985, Mitel and CCA entered into a Sales Agreement (Exhibit A) for CCA's purchase of certain equipment which was delivered to CCA on or before July of 1985. The Sales Agreement provided in pertinent part as follows:

> Section 2.12 Title—Title to the Equipment will be transferred to Customer [CCA] by Mitel upon Customer's payment of the final payment.
>
> Section 6.3 Security Interest—The Customer hereby grants to Mitel a purchase money security interest in all of the Customer's right, title, and interest in the equipment. The Customer shall cooperate with Mitel with the execution and delivery of any filings or recordings required to perfect and maintain this security interest. This Agreement shall constitute a security agreement for purposes of the Florida Uniform Commercial Code. Until the purchase price has been paid in full, Mitel shall retain title to the equipment. The Customer hereby warrants that it shall not represent in any fashion whatsoever that it has any ownership interest in the equipment prior to payment of the purchase price in full.

It is undisputed that Mitel never filed a UCC–1 Financing Statement and thus never perfected its security interest in the equipment. Further, it is without dispute that as of April 16, 1986, the date CCA filed its Chapter 11 Petition, CCA owed Mitel $80,514.40 of the total purchase price of $148,864.

Through its Complaint, CCA seeks a declaratory judgment finding that CCA is the owner of the equipment and that Mitel is an unsecured creditor. Although not expressly set forth in the Complaint, it appears that CCA bases its argument on its power to defeat unperfected security interests pursuant to § 544(a)(1) of the Bankruptcy Code as Mitel never perfected its security interest in the equipment. In opposition, Mitel contends that pursuant to Sec. 6.3 of the Sales Agreement, Mitel retained title to the equipment until the purchase price of the equipment was paid in full and therefore is the owner of the equipment.

In considering whether Mitel is in fact the owner of the equipment, Fla.Stat. 672.401, which governs the passing of title and reservation of a security agreement under a contract for the sale of goods, is pertinent and provides in part as follows:

> "any retention or reservation by the seller of the title ... in goods shipped or delivered to the buyer is limited in effect to a reservation of a security interest ..."

This statute clearly dictates that despite Sections 2.12 and 6.3 of the Sales Agreement, Mitel's reservation of title only reserved a security interest in the equipment

and therefore Mitel is not the owner of the equipment. Further, the Court is satisfied that title to the equipment vested in the Debtor at the time of delivery.

 Regarding CCA's claim that Mitel is only an unsecured creditor, § 544(a)(1) governs and provides in pertinent part as follows:

§ 544. **Trustee as lien creditor and as successor to certain creditors & purchasers**

(a) the Trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by

(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists.

It should be noted at the outset that a debtor-in-possession has all rights and powers described in § 544 pursuant to § 1107 of the Bankruptcy Code. Further, it is well established that an unperfected security interest is subordinate to the rights of a lien creditor pursuant to Fla.Stat. 679.301 and thus a lien creditor could defeat the interests of the holder of an unperfected security interest under state law. As it is undisputed that Mitel never filed a UCC-1 Financing Statement and therefore never perfected its security interest in the equipment, this Court is satisfied that Mitel's secured status may be defeated by CCA pursuant to § 544(a)(1) of the Bankruptcy Code and therefore Mitel is an unsecured creditor in the undisputed amount of $80,-514.40.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that Plaintiff's Motion for Summary Judgment as to Counts I and II of the Complaint be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DECREED that Defendant's Motion for Summary Judgment be, and the same is hereby, denied.